MAYOR, &c., OF JERSEY CITY, PLAINTIFFS IN ERROR, v. THOMAS G. CARSON, DEFENDANT IN ERROR.

On the assumption that the first section of the act relating to assessments, (*Rev., p.* 1359,) does not give authority to the designated municipal officers to set aside an assessment made upon the property not butting on the street improved, it follows that the second section of such act confers such authority.

On error to the Supreme Court.

This suit was brought to recover the difference between the amount paid by the defendant in error, on an assessment for

Mayor, &c., of Jersey City v. Carson.

improvements, and the sum re-assessed upon his property, the former assessment having been set aside.

For the plaintiff in error, *A. L. McDermott* and *L. Abbett.*

For the defendant in error, *A. S. Jackson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The exception to the judgment brought here by this writ of error arises out of these facts. The property of the plaintiff below, for which he was assessed, did not abut upon the street improved, but was situated upon a side street. The assessment thus made having been imposed by virtue of a provision of the charter of Jersey City, which was not in harmony with the legal rule, was set aside by the board of finance, and a re-assessment made. The contention before this court was that this abrogation of the first assessment was unauthorized, and therefore void. The question thus raised has reference to the proper construction of the several provisions in the act entitled " A further act in relation to assessments in cities." *Rev., p.* 1357. With reference to this law, in the brief of counsel, it is said, " the city claims that under said act the board of finance had no power to set aside the original assessments, or make new ones in any case (other than for the laying of sidewalks), *except where* the costs, damages and expenses of the improvement have been assessed *wholly upon the line* of such improvement, or wholly upon the owners of the lands along such line." As the plaintiff's lands abutted on a side street, and not upon the street improved, it was argued that the city authorities were not empowered to vacate the assessment in question. If the only power conferred on these officials were that embraced in the first section of the act referred to, this position would, perhaps, be tenable, for such section gives this power of vacation only when the damages, &c., " have been assessed wholly upon the line of such improvement, or wholly upon the owners of the lands along such line." Whether this statutory expression

"upon the line of such improvement," has not a broader signification than that assigned to it in the briefs of counsel, which hold it to be synonymous with the expression, "street improved," it seems unnecessary, in this instance, to inquire, because, granting that the authority in question is not con- ferred, it necessarily follows, and by reason of such interpre- tation, that it is given by the next section. This latter pro- vision expressly declares that all the assessments, except such as are embraced in the section above referred to, may be set aside. Its language is, "that any assessment for any im- provement, other than for the laying of sidewalks, or *such as are mentioned* in the first section of this act," &c., may be vacated and set aside, and a re-assessment made, &c. The consequence is, that if this board of finance did not acquire the requisite authority to do the act in dispute, by force of the first of these sections, it is clear that such authority was possessed by it under such second section. This being the only question presented in the case, the judgment should be affirmed.

No opinion as to the proper construction of these legislative provisions was intended to be expressed in the case of *Mayor, &c., of Jersey City* v. *Green,* 13 *Vroom* 629.*

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN, WHITAKER—13.

*For reversal*—None.

---

* NOTE.—In referring to this case in 13 *Vroom,* it is well to say that in that part of the opinion which relates to the statute of limitations, there is an important omission. Instead of stating the right of action to accrue upon the vacation of the assessment, it should read after such "vacation and upon re-assessment made."                    M. B.